**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TERRY LEE GREEN, | : | |
| | : | Civil Action No. 13-7045(NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JORDAN HOLLINGSWORTH, Warden | : | |
| | : | |
| Respondent. | : | |

APPEARANCES:

Terry Lee Green, #95821-071
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro Se

**HILLMAN**, District Judge:

   This matter is presently before the Court on a Petition for a Writ of Habeas Corpus ("Petition") filed by Petitioner Terry Lee Green ("Petitioner") pursuant to 28 U.S.C. § 2241, challenging his 32-year sentence imposed by the U.S. District Court for the District of South Carolina under 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(c)(1)(C)(i).  For the reasons stated

below, the Court will dismiss the Petition for lack of jurisdiction.[1]

## I. BACKGROUND

In the Petition, the Petitioner does not explicitly provide the details of his conviction or sentence, other than that it was imposed by the U.S. District Court for the District of South Carolina, Florence Division; that the length of the sentence was for 32 years; and that the date of judgment of conviction was in July of 2000. However, based on the information provided, the Court was able to deduce that the criminal case in question was <u>U.S. v. Green</u>, No. 99-cr-558, in the U.S. District Court for the District of South Carolina ("Criminal Docket"). All facts recited by the Court here originate from that docket.[2]

In 1999, Petitioner was indicted for 27 counts of various offenses related to a series of armed robberies. (Criminal Docket, Docket Sheet; <u>see also</u> Criminal Docket, Dkt. 2, 16, 17.)

---

[1] Petitioner also filed a motion to expand record along with the Petition. (Dkt. 2.) Because the Court is dismissing the Petition, the Petitioner's motion is dismissed as moot.

[2] Because part of Petitioner's criminal docket in the U.S. District Court for the District of South Carolina is sealed, the Court relies solely on what is available publicly for disposition of the Petition. As such, the Court recites only relevant facts from that docket that are not sealed. Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); <u>see</u> <u>U.S. v. Grape</u>, 549 F.3d 591, 604 n. 11 (3d Cir. 2008).

A plea agreement was reached on January 4, 2000, in which Petitioner pled guilty to two counts under 18 U.S.C. 924(c)(1)(A)(ii), knowingly using and carrying a firearm during and in relation to a crime of violence.  (Criminal Docket, Dkt. 23.)  All other charges were dismissed.  (Criminal Docket, Docket Sheet.)  Pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), Petitioner was sentenced to 7 years of imprisonment for the first count, and pursuant to 18 U.S.C. § 924(c)(1)(C)(i), which dealt with a second or subsequent conviction under the same subsection, the Petitioner was sentenced to 25 years of imprisonment, with the two sentences to run consecutively for an aggregate total of 32 years.  (Criminal Docket, Dkt. 28; see also Criminal Docket, Dkt. 69, p 1.)

Over the years, Petitioner filed multiple motions under, or construed as under, 28 U.S.C. § 2255, which were all denied.  (See Criminal Docket, Dkt. 56, 81; see also Criminal Docket, Dkt. 65, p. 1 ("On November 3, 2003, Petitioner . . . filed a 'Motion Under 18 U.S.C. § 3742 [for] Review of Sentence Imposed in Violation of Law.'  The court construed this motion as a successive motion for relief under 28 U.S.C. § 2255 and denied Petitioner's motion").)  Now, having been relocated to Fort Dix, Petitioner files the instant Petition, claiming that his sentence under 18 U.S.C. § 924(e) should be negated by intervening changes in law in the Fourth Circuit.  (Dkt. 1, pp.

3

1, 8.)  Specifically, he claims that these intervening changes in law render him "actually innocent of being an armed career offender."  Id. at p. 6.

## II.  DISCUSSION

### A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. U.S., 417 U.S. 333 (1974); Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002).  Specifically, 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective."  See 28 U.S.C. § 2255(e); see also Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that

4

some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade the statute of limitations under § 2255 or the successive petition bar. Id. at 539.

In Dorsainvil, the Circuit Court laid out one such instance where § 2255 would be ineffective and a § 2241 petition would be appropriate. The Circuit Court held that if a petitioner has already sought remedy under § 2255 and is therefore barred from filing a second or successive § 2255 motion, but "[a] Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law[, it] presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Dorsainvil, 119 F.3d at 250. In other words, Dorsainvil raised "the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke, 307 F.3d at 120.

5

Here, Petitioner is raising a Dorsainvil-like claim. Petitioner claims that the intervening changes in law announced by the Fourth Circuit in U.S. v. Simmons, 649 F.3d 237 (4th Cir. 2011) and Miller v. U.S., No. 13-6254 (4th Cir. Aug. 21, 2013) negate his sentence under 28 U.S.C. § 924(e). Both Simmons and Miller dealt with, among other things, whether certain North Carolina state offenses qualify as felony offenses for the purpose of federal criminal statutes. See Simmons, 649 F.3d at 249-50; Miller, slip op at 11-15. Because Petitioner had a prior conviction in North Carolina for possession of marijuana, (Dkt. 1, p. 11), he argues that the prior conviction should not have enhanced his sentence under § 924(e) in light of Simmons and Miller. However, even if the Court assumes that Petitioner's assertion is true, that Simmons and Miller would negate or reduce certain sentences under 28 U.S.C. § 924(e),[3] the Court fails to see how this applies to Petitioner's sentence.

Petitioner was sentenced under 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(c)(1)(C)(i), which relate to the possession and use of firearms *during and in relation* to a crime

---

[3]   28 U.S.C. § 924(e) is actually a sentence-enhancing statute, relating to offenses convicted under 28 U.S.C. § 922(g), a felony possession of firearms statute. Section 924(e) is a "three strikes" statute that enhances the sentence of any § 922(g) conviction if the convicted has had three or more *previous* violent felony or serious drug offenses. 28 U.S.C. § 924(e)(1).

6

of violence or drug trafficking crime for which a person could have been prosecuted. 18 U.S.C. § 924(c)(1)(A). Essentially, although Petitioner's plea agreement did not include a guilty plea for any actual robbery charges, Petitioner nevertheless pled guilty to the use of firearms during acts he committed which could have been prosecuted as robbery offenses. Based on the record, Petitioner's sentence has no relation to any felony possession of firearms conviction under § 922(g), nor was it enhanced in any way by § 924(e), or related to any of his previous convictions. As such, the holdings of Simmons and Miller have no effect on Petitioner's sentence, and therefore Petitioner fails to raise a valid Dorsainvil claim. Accordingly, because Petitioner cannot establish that § 2255 remedies would be "inadequate or ineffective," the Court lacks jurisdiction to adjudicate his Petition.

### III.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction.


At Camden, New Jersey                 s/ Noel L. Hillman
                                      Noel L. Hillman
                                      United States District Judge

Dated:  January 12, 2015